NO. 07-06-0273-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 17, 2006



______________________________


 

SHEON ANTHONY POLK, APPELLANT


 


v.



THE STATE OF TEXAS, APPELLEE
 _________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 52,537-A; HON. HAL MINER, PRESIDING


_______________________________



Before QUINN, C.J., CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Sheon Anthony Polk appeals his conviction for possession of a controlled
substance after a plea of guilty pursuant to a plea bargain. The certification of appeal
executed by the trial court does not disclose that he has the right of appeal; rather it states
that he has no right of appeal. By letter dated September 29, 2006, this court notified
appellant of this circumstance and that the appeal was subject to dismissal. The court also
requested that he either supply us with an amended certification illustrating that he has a
right to appeal or inform us why we should continue the appeal, by October 9, 2006. That
deadline has elapsed and we have received neither a response nor amended certification. 
Thus, we dismiss the appeal. See Tex. R. App. P. 25.2(d) (requiring that the appeal be
dismissed if a certification that shows that the defendant has a right of appeal has not been
made part of the record).

 Accordingly, the appeal is dismissed.


 James T. Campbell

 Justice



Do not publish.

















DefPriority="99"
 LatentStyleCount="267">
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00500-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



FEBRUARY
7, 2011

 



 

DAVID HAROLD GREER, JR., APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 181ST DISTRICT COURT OF POTTER
COUNTY;

 

NO. 59,244-B; HONORABLE JOHN B. BOARD, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

ORDER OF ABATE AND REMAND

 

Appellant David Harold Greer, Jr.,
appeals his conviction for felony possession of a controlled substance and
resulting sentence of incarceration.

            The
trial court signed a document certifying appellants right of appeal.  Appellant did not sign the certification,
however.[1]  According to the limited information before
us, appellant was represented at trial by appointed counsel.  Counsel signed and filed a notice of appeal.  The district clerks criminal information
sheet states that appellant was declared unable to pay costs.

            On
January 7, 2011, the court reporter filed a request for extension of time to
file the reporters record.  The reporter
grounded the request on appellants failure to designate the record and pay or
make arrangements for payment of the reporters record.  By letter, we ordered appellants counsel to
file a writing by January 24, evidencing satisfaction of the reasons the
reporter specified for requesting additional time to file the record.  Counsel took no action.  The clerk of this court contacted counsel by
telephone and was advised that he was not appointed as appellants counsel on
appeal.  

On January 28, 2011, the clerk of the
trial court filed a request for extension of time to file the clerks
record.  The clerk grounded the request
on appellants failure to pay or make arrangements for payment of the clerks
record and the absence in the case of appointed appellate counsel.  We have not been provided an order of the
trial court relieving trial counsel of his duties on appellants behalf.[2]

            We
abate the appeal and remand the cause to the trial court for further
proceedings.  On remand, the trial court
shall utilize whatever means necessary to secure a certification complying with
Rule 25.2(d).

On remand, the trial
court is also directed to immediately notice and conduct a hearing to:

1.    determine whether good cause exists to relieve
appellants appointed counsel of his duties;

 

2.    determine whether appellant still
wishes to pursue his appeal;

 

3.    determine whether appellant has
retained counsel to prosecute his appeal; 

 

4.    determine whether appellant is
indigent; and 

 

5.    if appellant is indigent, whether he is
entitled to appointed counsel on appeal and a free appellate record.

We further direct the trial court to issue findings of fact
and conclusions of law addressing the subjects numerically itemized above.  If, on a finding of good cause, the trial
court relieves counsel of his duties, finds appellant desires to pursue his
appeal, finds appellant is without legal representation, and finds appellant is
indigent, then we direct the trial court to appoint counsel to assist in the
prosecution of the appeal and to order a record of the trial court proceedings
be provided to appellant free of charge. 
The name, address, telephone number, fax number, and state bar number of
the counsel who will represent appellant on appeal must also be included in the
trial courts findings of fact and conclusions of law.  Furthermore, the trial court shall cause to
be developed 1) a supplemental clerks record containing the findings of fact
and conclusions of law herein required and all orders of the trial court issued
as a result of its hearing on this matter, and 2) a supplemental reporters
record transcribing the evidence and argument presented at the hearing on this
matter.  Additionally, the trial court
shall cause the supplemental record to be filed with the clerk of this court on
or before March 9, 2011.  Should
additional time be necessary for performing these tasks, the trial court may
request same on or before March 9, 2011.

If the
trial court finds appellant desires to pursue his appeal and is entitled to a
free record on appeal, the record shall be filed with the clerk of this court
on or before April 7, 2011.  Should the
trial court find appellant desires to pursue his appeal but is not entitled to
a free record, the  record shall be filed
with the clerk of this court on or before April 7, 2011 subject, however, to
appellants compliance with the requirements of Rule of Appellate Procedure
35.3.  Tex. R. App. P. 35.3.  Additional deadlines shall fall in accordance
with the appellate rules.  See Tex. R. App. P. 38.6.

It is so ordered.

                                                                                    Per
Curiam

 

 

Do not
publish. 

 

            








 











[1]  The
certification shall include a notice that the defendant has been informed of
his rights concerning an appeal, as well as any right to file a pro se petition for discretionary
review.  This notification shall be
signed by the defendant, with a copy given to him.  Tex. R. App. P. 25.2(d).





[2]
By accepting appointment to represent an indigent defendant, counsel undertakes
the duty to represent the defendant until charges are dismissed, the defendant
is acquitted, appeals are exhausted, or counsel is relieved of his duties by
the court or replaced by other counsel after a finding of good cause is entered
on the record.  Tex.
Code Crim. Proc. Ann. art. 26.04(j)(2) (West
Supp. 2010).  Additionally, [u]nless another attorney is designated,
lead counsel for an appellant is the attorney whose signature first appears on
the notice of appeal.  Tex. R. App. P. 6.1(a).